IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN NEWBERN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CUSTOMIZED DISTRIBUTION SERVICES, INC.,**<br><br>Defendant. | Case No.<br><br>(Removed from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois – Case No. 2023LA001485)<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant Customized Distribution Services, Inc. ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Madison County, Third Judicial Circuit, to the United States District Court for the Southern District of Illinois. This removal is based upon diversity jurisdiction and jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of its Notice of Removal, Defendant states the following:

### The State Court Action

1. On October 26, 2023, Plaintiff Steven Newbern ("Plaintiff") filed a putative class action Complaint in the Circuit Court of Madison County, Third Judicial Circuit, styled *Steven Newbern, individually and on behalf of all others similarly situated v. Customized Distribution Services, Inc.*, *a Pennsylvania corporation,* Case No. 2023LA001485 (the "Complaint"). The Complaint alleges one count for a violation of the Illinois Genetic Information Privacy Act (410 ILCS 513/1 *et seq.*) ("GIPA").

2. Defendant was served with a copy of the Summons and Complaint on November 7, 2023. Thus, this Notice of Removal is timely filed within the 30 days permitted by 28 U.S.C. §

1446(b).

3. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint, and all processes, pleadings, and orders served on Defendant are attached as **Exhibit A**.

4. Plaintiff alleges that he brings his Complaint on behalf of a proposed class of individuals who, "as a condition of their employment with Defendant, were required to undergo physical exams, wherein Defendant required them to answer questions regarding their family medical history, *i.e.*, the manifestation of a disease or disorder in family members." ("the Class"). **Exhibit A**, Complaint ¶ 46. Plaintiff asserts that the Class consists of "hundreds" of members. **Exhibit A**, Complaint ¶ 36.

5. Plaintiff alleges that Defendant violated GIPA, based on:

- A failure to advise Plaintiff and the Class, either verbally or in writing, of their statutorily protected right under GIPA to not provide their family medical history or genetic information; and

- As a condition of their employment with Defendant, were required to undergo physical exams, wherein Defendant required them to answer questions regarding their family medical history, *i.e.*, the manifestation of a disease or disorder in family members.

**Exhibit A**, Complaint ¶ 46, 49. Accordingly, Plaintiff asserts that Defendant violated GIPA with respect to Plaintiff and the Class each time members of the class were hired by Defendant.

6. Plaintiff seeks declaratory relief, injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA's requirements, statutory damages of $15,000 for each reckless or intentional violation of GIPA during hire, statutory damages of $2,500 for each negligent violation of GIPA, reasonable attorneys' fees and costs and other litigation expenses, and pre- and post-judgment interest. **Exhibit A**, Complaint, "Prayer for Relief."

**Jurisdiction and Venue**

7. Because the Circuit Court of Madison County, Illinois lies within the Southern District of Illinois, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(c), 1441 (a) and 1446 (a).

8. As explained further below, this Court has original jurisdiction over this Action for two reasons pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(d): (1) because it is a civil action between citizens of different states and the amount in controversy with regard to Plaintiff exceeds $75,000; and (2) the amount in controversy for the Class members in the aggregate exceeds $5,000,000.

**Diversity Jurisdiction**

9. Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties that have been properly joined. 28 U.S.C. § 1332.

**Diversity of Citizenship**

10. The parties are citizens of different states.

11. For purposes of diversity, an individual is a citizen of the state in which he or she is domiciled. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676 (7th Cir. 2006) ("[I]n class actions only the citizenship of the named plaintiff counts") (citations omitted); *see also Snyder v. Harris*, 394 U.S. 332, 340 (1969) (if one member of a class is of diverse citizenship from the class's opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant). A person's domicile is the place where one is physically present and intends to make that place his

home for the time being at least. *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). Objective factors relevant to a person's intent includes an individual's current residence and place of employment. *Stravala v. Zhang*, 318 F.R.D. 81, 97 (N.D. Ill. 2016) (*citing Midwest Transit, Inc. v. Hicks.*, 79 Fed. Appx. 205, 208 (7th Cir. 2009)). At all times during Plaintiff's employment with CDS, he represented he lived in Belleville, Illinois. Declaration of Ben Mera ("Mera Dec.") ¶ 9, a true and accurate copy of which is attached hereto as **Exhibit B**. Plaintiff also provided CDS a copy of his Illinois driver's license for verification of employment eligibility. *Id*. Further, in Plaintiff's own Complaint, he asserts citizenship of Illinois. **Exhibit A**, Complaint ¶ 12. This demonstrates that Plaintiff is physically present in Illinois and intends to make Illinois his home for the time being. Thus, Plaintiff is domiciled in, and is a citizen of, Illinois.

12. Defendant is incorporated in the state of Pennsylvania with its principal place of business in New Jersey. **Exhibit B**, Mera Dec. ¶ 6.

13. For purposes of determining diversity of the parties, a corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and the State and foreign state by which it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, for purposes of determining diversity jurisdiction, Defendant is a citizen of Pennsylvania and New Jersey. **Exhibit B**, Mera Dec. ¶ 6.

14. The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and Defendant is a citizen of Pennsylvania and New Jersey.

### Amount in Controversy

15. To support diversity jurisdiction, the Plaintiff's amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The party seeking removal must establish by a preponderance of the evidence that the amount in controversy is over $75,000,

exclusive of interests and costs. *Palmer v. Am. Coal Co.*, No. 08-CV-0213-MJR, 2008 WL 3200846, at **1-2 (S.D. Ill. Aug. 7, 2008). In *Palmer*, this Court explained that "the amount in controversy is determined by evaluating the plaintiff's complaint 'and the record as a whole.'" *Id.* at *2. The defendant need only establish by a preponderance of the evidence that the plaintiff could stand to recover over $75,000 if he were to prevail, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). If statutory legal fees are permitted, a potential award of legal fees may also be calculated into the amount in controversy. *Id.* at 512.

16.    Where a plaintiff provides little information regarding the value of his claim, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the jurisdictional amount." *Id.* (emphasis added); *see also Spivey v. Virtrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). The allegations in Plaintiff's Complaint establish more than $75,000 is at controversy in the Action.

17.    Plaintiff alleges that Defendant violated GIPA when it required "hundreds" of individuals, including himself, to undergo physical exams and answer questions regarding their family medical history upon hire. **Exhibit A**, Complaint ¶ 36, 46. Plaintiff was last hired by CDS in 2022. **Exhibit B**, Mera Dec. ¶ 7. Although, Plaintiff purports to limit his GIPA claim to the applicable limitations period, GIPA currently has no statute of limitations.[1] Since 2018, CDS has

---

[1] The maximum applicable statute of limitations for Plaintiff's claims under GIPA is Illinois' "catch all" statute of limitations period of five (5) years pursuant to 735 ILCS 5/13-205. Defendant does not concede that this statute of limitations period applies to these claims. However, for purposes of evaluating the amount in controversy, Defendant will assume that this 5-year statute of limitations period may apply.

employed more than 1,726 employees just at its Edwardsville location alone. **Exhibit B**, Mera Dec. ¶ 8.

18. Plaintiff alleges Defendant's actions were intentional and/or reckless and seeks $15,000 for each intentional and/or reckless violation of GIPA. **Exhibit A**, Complaint "Prayer for Relief." If, as Plaintiff appears to allege, Defendant willfully violated GIPA upon hire his hire, Plaintiff would be owed $15,000 in damages for the GIPA violation.

19. GIPA also provides for an award of attorneys' fees. *See* 410 ILCS 513/40. Through trial, it is beyond a preponderance of the evidence that Plaintiff would incur more than $75,000 in attorneys' fees as others have incurred in other Illinois statutory actions providing for awards of attorneys' fees. *See Stewart v. Illinois Department of Transportation*, 2022 IL App. (1st) 201101-U (Ill. App. 2022) (affirming a statutory attorneys' fees award in the amount of $98,460); *Murillo v. City of Chicago*, 2016 IL App (1st) 143002 (Ill. App. 2016) (awarding the plaintiff $184,000 in statutory attorneys' fees).

20. Finally, Plaintiff did not file a binding stipulation in state court prior to removal limiting his damages to less than $75,000 as the Seventh Circuit has required. *See In re: Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or Declaration with their complaints"). As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied, and removal is proper.

### CAFA Jurisdiction

21. This Court also has original jurisdiction over this Action under CAFA. *See* 28 U.S.C § 1332(d).

22. In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of the class of plaintiffs is a citizen

of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A).

23. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

24. Defendant is not a state, state official, or other government entity, as required by 28 U.S.C. § 1332(d)(5)(A).

25. The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). **Exhibit B**, Mera Dec. ¶ 8.

26. As explained above, diversity of citizenship exists between Plaintiff and Defendant. Plaintiff is a citizen of Illinois and Defendant is a citizen of Pennsylvania and New Jersey.

27. Plaintiff's Complaint places more than $5,000,000 in controversy, which exceeds this Court's jurisdictional minimum. Plaintiff alleges that Defendant willfully violated GIPA with respect to Plaintiff and each of the putative Class Members. **Exhibit A**, Complaint ¶ 52. Under GIPA, every willful violation with respect to the hire of each class member provides for $15,000 in damages per class member. *See* 410 ILCS 513/40. There have been 1,726 employees hired at Defendant's facility in Edwardsville, Illinois since January of 2018. **Exhibit B**, Mera Dec. ¶ 8. Accordingly, if Defendant is found to have willfully violated GIPA with respect to the 1,726 employees when they were hired at the Illinois facility since 2018, the amount in controversy is $25,890,000 which exceeds the minimum amount in controversy under CAFA.

28. As a result of the diversity of citizenship and amount in controversy, removal of

this Action under CAFA is appropriate.[2]

## Compliance with Procedural Requirements

29. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant's receipt of the Complaint.

30. Pursuant to 28 U.S.C. § 1446(d), Defendant is electronically filing today the Notice of Removal to the Clerk of the Third Judicial Circuit Court in Madison County, Illinois. A copy of the file-stamped Notice of Removal to the Clerk will be filed upon receipt.

31. Pursuant to 28 U.S.C. § 1446(d), Defendant is mailing today the Notice to Plaintiff, stating that a Notice of Removal to the Clerk of the United States District Court for the Southern District of Illinois was filed, and serving a copy of this Notice of Removal upon Plaintiff.

32. A Civil Cover Sheet is filed herewith as **Exhibit C**. Defendant also is filing its Disclosure of Corporate Interest statements, pursuant to Federal Rule of Civil Procedure 7.1.

33. Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant hereby removes this Action from the Circuit Court of Madison County, Illinois, Third Judicial Circuit, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this action to proceed before it as a matter properly removed thereto.

---

[2] None of the exceptions to CAFA jurisdiction apply in this case. *See* 28 U.S.C § 1332(d)(3) and (4). It is Plaintiff's burden to prove that an exception to CAFA jurisdiction applies. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010). Each of the CAFA exceptions requires that the primary defendant, or a defendant from whom significant relief is sought, be a citizen of the forum state. 28 U.S.C. § 1332(d)(3) and (4). However, as set forth above, Defendant is not a citizen of Illinois. As such, Plaintiff cannot establish the applicability of any exception to CAFA jurisdiction in this case.

                    *s/ Rebecca M. Christensen*
                    Rebecca M. Christensen, ARDC #6305626
                    BChristensen@littler.com
                    Benjamin R. Marble, ARDC #6325751
                    BMarble@littler.com
                    LITTLER MENDELSON, P.C.
                    600 Washington Avenue
                    Suite 900
                    St. Louis, MO  63101
                    314.659.2000

                    *Attorneys for Defendant Customized Distribution Services, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2023, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system and served upon the following via U.S. Mail:

Timothy P. Kingsbury
Andrew T. Heldut
Jordan Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff*

                    *s/ Rebecca M. Christensen*

4886-7140-2900.6 / 079261-1030