```
       COURT DOCKET  -  MADISON COUNTY, IL CIRCUIT CLERK
Case: 2023LA001485          NEWBERN STEVEN INDIVID vs CUSTOMIZED DISTRIBUTIO    DATE: 2023-12-01
Type: TORT - MONEY DAMAGES (OVER  Judge: SMITH SARAH              Jury Trial: J    TIME: 16.04.38
From: 00/00/0000 To: 99/99/9999 All Case Entries      First Date First View
Filed: 10/26/2023 Status: Open Case on 10/26/2023
           CASE PARTICIPANTS NAMES                   ATTORNEYS
           ----------------------                    ---------
PLA    NEWBERN STEVEN INDIVIDUALLY AND ON BEHALF OF SI   HELDUT ANDREW T
DEF    CUSTOMIZED DISTRIBUTION SERVICES INC

DATE
----------
10/26/2023 PLAINTIFF'S CLASS ACTION COMPLAINT WITH JURY DEMAND
           Plaintiff NEWBERN STEVEN INDIVIDUALLY AN
           Defendant CUSTOMIZED DISTRIBUTION SERVIC
10/26/2023 JURY DEMAND - FEES PREVIOUSLY PAID PLAINTIFF'S JURY DEMAND FILED BY
           Plaintiff NEWBERN STEVEN INDIVIDUALLY AN
10/26/2023 JURY DEMAND 12 PEOPLE-NOT NEW CASE Fee $212.50 FILED BY
           Plaintiff NEWBERN STEVEN INDIVIDUALLY AN
           Judge:SMITH SARAH
10/26/2023 TORT - MONEY DAMAGES (OVER 50K) Fee $314.00 FILED BY
           Plaintiff NEWBERN STEVEN INDIVIDUALLY AN
10/26/2023 AFFIDAVIT DAMAGES FILED BY Plaintiff NEWBERN STEVEN INDIVIDUALLY AN
10/27/2023 JA Assignment Order HON. SARAH SMITH S/STOBBS
           Document JAORDER.DOC Was Printed
10/30/2023 APPEARANCE - FEES PREVIOUSLY PAID PLAINTIFF'S COUNSEL APPEARANCE
           FILED BY Plaintiff NEWBERN STEVEN INDIVIDUALLY AN
10/30/2023 MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS
           CERTIFICATION RULING PENDING DISCOVERY FILED BY PLTF
11/01/2023 (P/MOTION FOR CLASS CERTIFICATION)
           Document CNOT2.DOC Not Printed
           CV Motion/Pet Hearing Dec 01,2023 09:00AM Rm351 Judge SMITH
11/03/2023 SUMMONS ISSUED VIA EFILE P/A ISSUED
           Defendant CUSTOMIZED DISTRIBUTION SERVIC
           Document SU30DAY.DOC Not Printed
11/28/2023 MOTION TO CONTINUE FILED BY Plaintiff NEWBERN STEVEN INDIVIDUALLY AN
```

EXHIBIT A

***EFILED***
Case Number 2023LA001485
Date: 10/26/2023 2:24 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

STEVEN NEWBERN, individually and
on behalf of similarly situated
individuals,

    *Plaintiff,*

v.

CUSTOMIZED DISTRIBUTION
SERVICES, INC., a Pennsylvania
corporation,

    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.    2023LA001485

Hon.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Steven Newbern ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Customized Distribution Services, Inc. ("Defendant" or "Customized Distribution Services") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1.    This case concerns the misuse of individuals' genetic information in Illinois by a national provider of third-party logistics and warehousing services in Illinois. As a condition of employment, Defendant requires potential employees to undergo a physical exam during which genetic information in the form of their family medical history is requested.



A true copy of the original on file in my office
Attested to this 4 day of December 2023
THOMAS McRAE
Clerk of the Circuit Court, 3rd Judicial Circuit
Madison County, Illinois

By_____
Deputy Clerk

2.      Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

(1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

(2) Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

(3) Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

(4) Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

3.      GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of,

2

genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

4.      Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5.      In requiring prospective employees, such as Plaintiff, to disclose their family medical histories, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6.      In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." See 410 ILCS 513/5(2).

7.      GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information.

8.      Despite GIPA's prohibition against soliciting family medical information concerning familial diseases and disorders, Defendant continues to request that its employees and prospective employees provide protected familial medical history in violation of GIPA.

9       Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

10.      On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

statutory damages under GIPA to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

11.     Defendant Customized Distribution Services, Inc. is a corporation organized under the laws of the state of Pennsylvania that conducts substantial business throughout Illinois, including in Madison County, and is registered with the Illinois Secretary of State to transact business in Illinois.

12.     At all relevant times, Plaintiff Steven Newbern has been a resident of the state of Illinois.

## JURISDICTION AND VENUE

13.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, required, or purchased genetic information of its job applicants as a condition of applicants' employment or preemployment application in Illinois.

14.     Venue is proper in Madison County because Defendant is doing business in Madison County and thus resides there under 735 ILCS § 5/2-102(a).

## COMMON FACTUAL ALLEGATIONS

15.     The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic

4

predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

16. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from increased access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

17. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

18. In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment.

19. Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(1).

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data

[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

20    GIPA defines an employer, in relevant part, as "every [] person employing employees within the state."

21.    Defendant is an "employer" as defined by GIPA.

22.    Defendant is a national provider of third-party logistics and warehousing services that operates in Illinois. Defendant employs hundreds of individuals in Illinois, including in Edwardsville, Illinois where Plaintiff worked for Defendant.

23.    As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination.

24.    Defendant's physical examinations include the solicitation of information regarding the manifestation of diseases in family members of the prospective employee.

25    In addition to the above statutorily prohibited conduct, Defendant did not inform Plaintiff or the Class of their right not to answer any questions regarding their genetic information.

26.    Defendant thus violated GIPA by soliciting and obtaining Plaintiff's and the Class's genetic information as a precondition of employment or as part of their preemployment application.

## FACTS SPECIFIC TO PLAINTIFF

27.    In or around April of 2021, Plaintiff Steven Newbern applied for a job with Defendant and was hired as a Forklift Operator in Edwardsville, Illinois.

28.    As part of the application and hiring process, and as a precondition of employment, Defendant required Plaintiff to submit to a physical examination.

29.    During the examination, Defendant required Plaintiff to answer questions concerning his family medical history, *i.e.* the manifestation of diseases or disorders in his family

members. Such questions included whether Plaintiff's family members had a history of high blood pressure, cancer, diabetes, heart disease, and other medical conditions.

30.     In response, Plaintiff disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed. Defendant documented Plaintiff's answers and collected the same.

31.     Thus, Plaintiff's sensitive genetic information was solicited by Defendant and obtained by Defendant as a condition of his employment.

32.     Plaintiff was not advised by Defendant or anyone else acting on behalf of Defendant, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff provide his genetic information in furtherance of a workplace wellness program.

33.     By requiring Plaintiff to answer questions about his family medical history, Defendant directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose his genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who applied for employment with Defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, has requested and/or obtained family medical history or other genetic information according to Defendant's records within the applicable limitations period.

35.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

7

36. Upon information and belief, there are hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

37. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

38. There are many questions of law and fact common to the claims of Plaintiff and the Class, and these questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant's conduct is subject to GIPA;

    b. Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1);

    c. Whether Defendant's violations of GIPA were negligent;

    d. Whether Defendant's violations of GIPA were reckless or intentional; and

    e. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

39. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

8

40.     Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

41.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
### Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.*
### (On behalf of Plaintiff and the Class)

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     Defendant is a company that employs individuals within the state of Illinois and therefore meets the definition of an "employer" under GIPA. 410 ILCS 513/10.

44.     GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

45.     Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person. 410 ILCS 513/25(c)(1).

46.     As a precondition of their employment with Defendant, Plaintiff and the Class were required to undergo physical exams, wherein Defendant required them to answer questions

9

regarding their family medical history, *i.e.* the manifestation of a disease or disorder in family members. In other words, Defendant directly or indirectly solicited, requested, purchased and required Plaintiff and the members of the Class to disclose their genetic information.

47.     Plaintiff and the Class also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender to Defendant as part of their employment applications and during the physical exams they underwent.

48.     The information obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. 410 ILCS 513/10.

49.     Defendant failed to advise Plaintiff and the other Class members, either verbally or in writing, of their statutorily protected right under GIPA to not provide their family medical history or genetic information.

50.     Plaintiff and the other Class members have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

51.     GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

52.     Defendant's violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with GIPA.

53.     Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Steven Newbern, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 26, 2023

Respectfully submitted,

STEVEN NEWBERN, individually and on behalf of similarly situated individuals,

By:    /s/ Andrew T. Heldut
       *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan Frysinger (ARDC #6335897)

11

MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

***EFILED***
Case Number 2023LA001485
Date: 10/26/2023 2:24 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

### IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
### MADISON COUNTY, ILLINOIS

STEVEN NEWBERN, individually and )
on behalf of similarly situated )
individuals, )
                              )          **2C23LA001435**
     *Plaintiff,*               )      No.
                              )
           v.                    )      Hon.
                              )
CUSTOMIZED DISTRIBUTION )
SERVICES, INC., a Pennsylvania )
corporation, )
                              )
     *Defendant.*           )
                              )

### DEMAND FOR JURY (12)

     Plaintiff, Steven Newbern, herein demands a trial by jury (12) in the above-captioned case.

Dated: October 26, 2023                Respectfully submitted,

                                           STEVEN NEWBERN, individually and on
                                         behalf of similarly situated individuals,

                          By:     /s/      Andrew T. Heldut
                                           *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

***EFILED***
Case Number 2023LA001485
Date: 10/26/2023 2:24 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| STEVEN NEWBERN, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | 2023LA001485 |
| | ) | No. |
| v. | ) ) | Hon. |
| CUSTOMIZED DISTRIBUTION SERVICES, INC., a Pennsylvania corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Pursuant to Supreme Court Rule 222(b), counsel for the above-named Plaintiff certifies

that Plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000.00).


/s/ Andrew T. Heldut
*Plaintiff's Attorney*

Andrew T. Heldut (#6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
aheldut@mcgpc.com

*Attorney for Plaintiff and the Putative Class*

1

October 30, 2023

IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS


CASE NUMBER: 2023 LA 001485


NEWBERN STEVEN INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUA

Plaintiff(s)

VS.

CUSTOMIZED DISTRIBUTION SERVICES INC

Defendant(s)

ASSIGNMENT ORDER

The above case is hereby assigned to the Honorable SARAH SMITH for setting and disposition.

Clerk to send copies of this Order to the attorneys of record and any pro se party.


DATE: October 27, 2023


s/Steve Stobbs
Chief Judge

***EFILED***
Case Number 2023LA001485
Date: 10/30/2023 12:00 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | APPEARANCE | For Court Use Only |
|---|---|---|

Madison _____ COUNTY

**Instructions** ▼

Directly above, enter the name of the county where the case was filed.

Enter the name of the person or company that filed this case as Plaintiff/Petitioner.

Enter the name of the Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk.

STEVEN NEWBERN, indiv. and on behalf of a class

**Plaintiff / Petitioner** *(First, middle, last name or Company)*

v.

CUSTOMIZED DISTRIBUTION SERVICES, INC.

**Defendant / Respondent** *(First, middle, last name)*

2023LA001485

**Case Number**

---

In 1, enter your full name, and check the box next to "Myself," if you are not an attorney. If you are an attorney, enter the name of your client in 1, check the box next to "Their attorney," and enter your attorney or firm name in the

In 2, check only one box to ask for a trial with only a judge or a trial with a judge and jury. You do not have a right to a jury trial in every case.

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

Enter your complete address, telephone number, and email address, if you have one.

If you are an attorney, enter your firm name and attorney number.

**1. The appearance of** Steven _____ Newbern _____ **is entered in this case by:**
      *First*          *Middle*          *Last*

☐ Myself

☐ Their attorney: McGuire Law, P.C.
                          *Attorney or Firm Name*

**2. I would like a trial with:**

☐ a judge

☐ a judge and jury

**I certify that everything above is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.**

/s/ Andrew T. Heldut                         55 W. Wacker Dr., 9th Fl.
*Your Signature*                              *Street Address*

Andrew T. Heldut                             Chicago, IL 60601
*Your Name*                                   *City, State, ZIP*

(312) 893-7002                               aheldut@mcgpc.com
*Telephone*                                   *Email*

McGuire Law, P.C.                            6331542
*Firm Name*                                   *Attorney # (if any)*

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

Enter the Case Number given by the Circuit Clerk: 2023LA001485

## PROOF OF DELIVERY

**1.**   I am sending the *Appearance*

<table>
<tr><td></td><td>a.</td><td colspan="2">To:</td></tr>
<tr><td></td><td></td><td>Name:</td><td>_____</td></tr>
</table>

| In **1a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information. |
| --- |

a.   To:

Name: _____
       *First*              *Middle*              *Last*

Address: _____
         *Street, Apt #*         *City*      *State   ZIP*

Email address: _____

| In **1b**, check the box to show how you are sending the document. **CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options. |
| --- |

b.   By:

☐  An approved electronic filing service provider (EFSP)

☐  Email *(not through an EFSP)*
*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

☐  Personal hand delivery to:
   ☐  The party
   ☐  The party's family member who is 13 or older, at the party's residence
   ☐  The party's lawyer
   ☐  The party's lawyer's office
☐  Mail or third-party carrier

| In **c**, fill in the date and time that you are sending the document. |
| --- |

c.   On: _____ at: _____ ☐ a.m. ☐ p.m.
         *Date*                  *Time*

**2.**   I am sending the *Appearance*

| In **2**, if you are sending the document to more than 1 party or lawyer, fill in **a**, **b**, and **c**. Otherwise leave 2 blank. |
| --- |

a.   To:

Name: _____
       *First*              *Middle*              *Last*

| In **2a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information. |
| --- |

Address: _____
         *Street, Apt #*         *City*      *State   ZIP*

Email address: _____

| In **2b**, check the box to show how you are sending the document. **CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options. |
| --- |

b.   By:

☐  An approved electronic filing service provider (EFSP)

☐  Email *(not through an EFSP)*
*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

☐  Personal hand delivery to:
   ☐  The party
   ☐  The party's family member who is 13 or older, at the party's residence
   ☐  The party's lawyer
   ☐  The party's lawyer's office
☐  Mail or third-party carrier

| In **c**, fill in the date and time that you are sending the document. |
| --- |

c.   On: _____ at: _____ ☐ a.m. ☐ p.m.
         *Date*                  *Time*

Enter the Case Number given by the Circuit Clerk: 2023LA001485

| | |
|---|---|
| If you are sending your document to more than 2 parties or lawyers, check the box and file the *Additional Proof of Delivery* with this form. | ☐  I have completed an *Additional Proof of Delivery* form. |

| | |
|---|---|
| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | **I certify that everything in the *Proof of Delivery* is true and correct. I understand that a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.** |

/s/
_____          _____
Your Signature                                            Street Address

| If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name. | _____          _____
Print Your Name                                         City, State, ZIP |

| Enter your complete address, telephone number, and email address, if you have one. | _____          _____
Telephone                                                    Email |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

AP-P 503.6                                  Page 3 of 3                                  (06/21)

[ Print Form ]                          [ Save Form ]                          [ Reset Form ]

***EFILED***
Case Number 2023LA001485
Date: 10/30/2023 12:00 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| STEVEN NEWBERN, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 2023LA001485 |
| v. | ) ) ) | Hon. Sarah Smith |
| CUSTOMIZED DISTRIBUTION SERVICES, INC., a Pennsylvania corporation, | ) ) ) ) | |
| *Defendant.* | ) ) ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Steven Newbern, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.,* 662 F.3d 391, 896–97 (7th Cir. 2011). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: October 28, 2023

Respectfully Submitted,

STEVEN NEWBERN, individually and on behalf of similarly situated individuals,

By:    /s/ Andrew T. Heldut
       *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)

1

Jordan Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of individuals whose genetic information was requested and/or obtained by Defendant Customized Distribution Services, Inc. ("Defendant" or "Customized Distribution Services") in Illinois (the "Class").

Defendant is a national provider of third-party logistics and warehousing services. As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination, which includes questions about the manifestation of diseases in family members. These questions concerning the manifestation of a disease or disorder in family members of an individual are "genetic information" as defined by GIPA. *See* 410 ILCS 513/10. Defendant, by requesting and/or obtaining Plaintiff's and the Class members' genetic information, has violated the privacy rights set forth in GIPA. After Plaintiff learned of Defendant's wrongful conduct, he brought suit on behalf of a Class of similarly situated individuals to put a stop to Defendant's requests for genetic information in violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA").

## I.   INTRODUCTION: GIPA

Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer

3

a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

(2) Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

(3) Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

(4) Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c). (Compl., ¶ 2.)

GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1] (Compl., ¶ 3.)

Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics. (Compl., ¶ 4.) GIPA protects from potential discrimination by employers (Compl., ¶ 2, 6, 18.) This includes prohibiting

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

4

the solicitation, request, requirement, or purchase of an employee's or a prospective employee's genetic information as a condition of employment or preemployment application. *See* 410 ILCS 513/25(c)(1).

## II.   FACTUAL BACKGROUND

### A.   The Underlying Misconduct.

As part of its hiring process, Defendant requires its prospective employees to undergo a physical examination which seeks familial health information. (Compl., ¶¶ 23, 28.) Specifically, Defendant's physical examinations include questions about the manifestation of diseases in family members of its prospective employees. (Compl., ¶¶ 24, 29.) In response, Plaintiff and the other members of the Class disclosed their genetic information, including diseases and disorders with which their family members have been diagnosed. Defendant documented Plaintiff's and the other Class members' answers and collected the same. (Compl., ¶ 30.) Thus, Defendant directly or indirectly solicited, requested, and required Plaintiff and the members of the Class to disclose their genetic information. (Compl., ¶¶ 26, 31, 33, 46.) Plaintiff and the other Class members have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA. (Compl., ¶ 50.)

### B.   The Proposed Class

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who applied for employment with Defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, has requested and/or obtained family medical history or other genetic information according to Defendant's records within the applicable limitations period.

(Compl., ¶ 34.) As explained below, the proposed Class satisfies each of the four requirements

for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## III.   ARGUMENT

### A.   Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

> (1)   The class is so numerous that joinder of all members is impracticable.

> (2)   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

> (3)   The representative parties will fairly and adequately protect the interest of the class.

> (4)   The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the

6

Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B. The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon*

7

*v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are hundreds of members of the Class. (Compl., ¶ 36.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

## C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Giliette Co.*, 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc.*

*v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendant's conduct is subject to GIPA; whether Defendant directly or indirectly solicited Plaintiff's and the other Class members'genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1); whether Defendant's violations of GIPA were negligent; whether Defendant's violations of GIPA were reckless or intentional; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 38.) Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D.   Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, his genetic information was requested and obtained by Defendant. Plaintiff has also alleged that Defendant did so in violation of the GIPA. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a

zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and has been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.   Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute.") Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a

10

class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to those affected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with GIPA, to ensure that the Class members' privacy rights in their genetic information are sufficiently protected, and to compensate those individuals who have had their statutorily-protected genetic privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.    CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: October 28, 2023                            Respectfully submitted,

                                                   STEVEN NEWBERN, individually and on
                                                   behalf of similarly situated individuals,

                                          By:    /s/ Andrew T. Heldut
                                                   *One of Plaintiff's Attorneys*

11

Timothy P. Kingsbury (ARDC #6329536)
Andrew T. Heldut (ARDC #6331542)
Jordan Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF FILING

I hereby certify that on October 28, 2023, I caused the foregoing *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* to be electronically filed with the Clerk of Court using the Madison County E-filing system.

/s/ Andrew T. Heldut

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>Madison _____ **COUNTY** | **SUMMONS** | *For Court Use Only* |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | STEVEN NEWBERN, on behalf of a class, | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | CUSTOMIZED DISTRIBUTION SERVICES, INC. | 2023-A001485 |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|

| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons,* or *Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |
|---|---|

| | **1.** | **Defendant/Respondent's address and service information:** |
|---|---|---|
| In 1a, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a. | Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: CUSTOMIZED DISTRIBUTION SERVICES, INC.<br>Registered Agent's name, if any: INCORP SERVICES INC<br>Street Address, Unit #: 901 S 2ND ST STE 201<br>City, State, ZIP: SPRINGFIELD, IL 62704-7909<br>Telephone: _____ Email: _____ |
| In 1b, enter a second address for Defendant/ Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found list that here:<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In 1c, check how you are sending your documents to Defendant/ Respondent. | c. | Method of service on Defendant/Respondent:<br>☐ Sheriff          ☐ Sheriff outside Illinois: _____<br>                                                         *County & State*<br>☐ Special process server          ☐ Licensed private detective |

Enter the Case Number given by the Circuit Clerk: 2023LA001485

| In 2, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:** |
| | | Amount claimed: $ 50,000.00   + (to be determined) |

| In 3, enter your complete address, telephone number, and email address, if you have one. | **3.** | **Contact information for the Plaintiff/Petitioner:** |
| | | Name (First, Middle, Last): MCGUIRE LAW, P.C. |
| | | Street Address, Unit #: 55 WEST WACKER DRIVE, 9TH FLOOR |
| | | City, State, ZIP: CHICAGO, ILLINOIS 60601 |
| | | Telephone: 3128937002        Email: AHELDUT@MCGPC.COM |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** | **Instructions for person receiving this *Summons* (Defendant):** |
| | ☑ a. | To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at: |
| | | Address: MADISON COUNTY CIRCUIT COURT, 155 N. MAIN STREET |
| | | City, State, ZIP: EDWARDSVILLE, ILLINOIS 62025 |

| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. | Attend court: |
| | | On: _____ at _____ ☐ a.m. ☐ p.m. in _____ |
| | | Date        Time        Courtroom |
| | | In-person at: |

| In 4b, fill out: • The court date and time the clerk gave you. • The courtroom and address of the court building. • The call-in or video information for remote appearances (if applicable). • The clerk's phone number and website. All of this information is available from the Circuit Clerk. | | Courthouse Address   City        State   ZIP |
| | | OR |
| | | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): |
| | | By telephone: _____ |
| | | Call-in number for telephone remote appearance |
| | | By video conference: _____ |
| | | Video conference website |
| | | Video conference log-in information (meeting ID, password, etc.) |
| | | Call the Circuit Clerk at: _____ or visit their website |
| | | Circuit Clerk's phone number |
| | | at: _____ to find out more about how to do this. |
| | | Website |

| **STOP!** The Circuit Clerk will fill in this section. | | 11/3/2023 |
| | | **Witness this Date:** |
| | | /s/ Thomas McRae  /s/ Jennifer Schaefer |
| **STOP!** The officer or process server will fill in the Date of Service. | | **Clerk of the Court:** _____ |
| | | This *Summons* must be served within 30 days of the witness date. |
| | | Date of Service: _____ |
| | | *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Madison _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | STEVEN NEWBERN, on behalf of a class,<br>**Plaintiff / Petitioner** (First, middle, last name) | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>CUSTOMIZED DISTRIBUTION SERVICES, INC.<br>**Defendant / Respondent** (First, middle, last name) | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) | 2023LA00 1485<br>**Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
        Male ☐ Female ☐ Non-Binary ☐ Approx. Age _____ Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
        member or lives there:
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____
        And left it with: _____
                *First, Middle, Last*
        Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
        and by sending a copy to this defendant in a postage-paid sealed envelope to the
        above address on _____ , 20 _____ .
    ☐ On the Corporation's agent, _____
                       *First, Middle, Last*

        Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m
        Address: _____
        City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2023LA001485

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

---

**DO NOT** complete this section. The sheriff or private process server will complete it.

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

*Signature by:*   ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**
Service and Return: $ _____
Miles _____   $ _____
Total              $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

***EFILED***
Case Number 2023LA001485
Date: 11/28/2023 2:39 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

|  |  |  |
|---|---|---|
| STEVEN NEWBERN, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No. 2023LA001485 |
| v. | ) ) | Hon. Sarah Smith |
| CUSTOMIZED DISTRIBUTION SERVICES, INC., a Pennsylvania corporation | ) ) ) ) | |
| *Defendant.* | ) ) ) | |

## PLAINTIFF'S MOTION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff, Steven Newbern, by and through his attorneys, respectfully moves this Court to enter an Order continuing Plaintiff's hearing on Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery to January 18, 2024 at 9:00 a.m. In support, Plaintiff states as follows:

1.      This case is brought by Plaintiff Newbern alleging violations of the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/ *et seq.*, on behalf of himself and all similarly situated individuals. Plaintiff filed his Class Action Complaint on October 26, 2023.

2.      Plaintiff subsequently filed a Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery ("Motion for Class Certification") on October 28, 2023.[1]

---

[1] For class actions filed in Illinois state courts, plaintiffs must file so-called placeholder motions for class certification in order to formally place the interests of the absent class members before the court. Doing this insulates the plaintiff's class claims from defendants who seek to avoid class liability by paying off named plaintiff's individual claims See *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 456-57 (2011).

1

3.      Plaintiff's Motion for Class Certification was then scheduled by the Court for a hearing on December 1, 2023 at 9:00 a.m.

4.      On November 7, 2023, Defendant was served with Plaintiff's Class Action Complaint and Plaintiff's Motion for Class Certification.

5.      Defendant's deadline to answer or otherwise respond to Plaintiff's Class Action Complaint is December 7, 2023. There is currently no briefing schedule for Plaintiff's Motion for Class Certification.

6.      Defendant has not yet appeared in this case, and because there is currently no briefing schedule for Plaintiff's Motion for Class Certification, Plaintiff respectfully requests this Court to continue Plaintiff's hearing on Plaintiff's Motion for Class Certification to January 18, 2024.

7.      Plaintiff brings this motion for good cause shown, and because Plaintiff does not bring this motion for purposes of delay, this motion will not result in prejudice to any party as Defendant has not yet appeared as of filing this motion.

WHEREFORE, Plaintiff, Steven Newbern, respectfully requests that this Honorable Court continue Plaintiff's hearing on Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery to January 18, 2024 at 9:00 a.m. and for any and all other relief which this Court deems just and equitable.

Dated: November 28, 2023

Respectfully submitted,

STEVEN NEWBERN, individually and on behalf of similarly situated individuals

By: /s/ Andrew T. Heldut
One of Plaintiff's Attorneys

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)

2

Jordan Frysinger (ARDC #6335397)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF FILING

I hereby certify that on November 28, 2023, I caused the foregoing *Plaintiff's Motion to Continue Hearing for Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* to be electronically filed with the Clerk of Court using the Madison County E-filing system.

/s/ Andrew T. Heldut

4

**IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS**

| | |
|---|---|
| STEVEN NEWBERN, individually and on behalf of similarly situated individuals, | ) ) ) ) |
| Plaintiff, | ) ) No. 2023LA001485 |
| v. | ) ) Hon. Sarah Smith |
| CUSTOMIZED DISTRIBUTION SERVICES, INC., a Pennsylvania corporation. | ) ) ) ) |
| Defendant. | ) ) ) |

Insert text here

XX**[PROPOSED] ORDER**

This matter coming before the Court on *Plaintiff's Motion to Continue Hearing for Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery*, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1.    Plaintiff's Motion to Continue Hearing for Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery is granted.

2.    This matter set for hearing on Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery, previously scheduled for December 1, 2023 at 9:00 a.m., is hereby continued to January 18, 2024 at 9:00 a.m.

ENTERED:

Dated: _____

_____
Hon. Sarah Smith
Circuit Court Judge