## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEVEN NEWBERN,** individually and on behalf of all others similarly situated,

Plaintiff,

v.

**CUSTOMIZED DISTRIBUTION SERVICES, INC.,**

Defendant.

Case No.  3:23-cv-03871-RJD

## <u>DECLARATION OF BEN MERA</u>

I, Ben Mera, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2.      I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed. Such corporate records are maintained in the regular course of business.

3.      I am the Vice-President of Human Resources of Customized Distribution Services, Inc. ("CDS"). My responsibilities include oversight for all human resources policies and procedures. In my role, I am familiar with CDS's employees, personnel records, payroll, and timekeeping practices.

CDS provides organizations with strategic support and customized services with respect to supply chain issues.

4.      CDS uses finger scan time clock technology to allow employees to clock in and out of work so they can be paid.

4889-5675-0510.4 / 079261-1030

**EXHIBIT A**

5. CDS hired Plaintiff Steven Newbern in July 2017 as a Warehouse Forklift Operator.

6. Plaintiff was terminated in 2019 and rehired in 2022.

7. As an employee of CDS, Plaintiff was assigned to work a warehouse located in Edwardsville, Illinois, where CDS used finger scan time clocks to record employees' time worked so they could be paid.

8. Specifically, Plaintiff scanned his fingerprint at the beginning and end of his workday, as well as when he took breaks, in order to clock in and out of work.

9. CDS paid Plaintiff based on the information collected by the time clock.

10. Prior to using the finger scan time clock technology in 2017, CDS provided Plaintiff with its Notice of Biometric Data Collection, a copy of which is attached as **Exhibit 1**.

11. Plaintiff signed and dated the Notice of Biometric Data Collection on July 24, 2017. *See Exhibit 1.*

12. Prior to using the finger scan time clock technology in 2022, CDS provided Plaintiff with its Biometric Information Privacy Employee Consent Form, a copy of which is attached as **Exhibit 2**.

13. Plaintiff signed and dated the Biometric Information Privacy Employee Consent Form on April 20, 2022. *See Exhibit 2.*

14. Plaintiff did not use any other technology that collected biometric information or identifiers during his employment with CDS. For example, CDS did not use the ADP HandPunch systems or other systems that were not the Dayforce time clock at either time Plaintiff was employed. The use of the HandPunch system was discontinued by CDS sometime around 2006.

4889-5675-0510.4 / 079261-1030

Executed this 28th day of March, 2024.

                                           _____
                                           Ben Mera

4889-5675-0510.4 / 079261-1030

CDS
CUSTOMIZED
DISTRIBUTION
SERVICES

## NOTICE OF BIOMETRIC DATA COLLECTION

For those employees of Customized Distribution Services (CDS) that are paid on an hourly basis, CDS utilizes time clocks that will record the time that an employee starts and ends work. These time clocks will scan the employee's fingerprint in order to identify the person clocking in and out. Fingerprints are considered biometric information, which is treated as confidential personal information by CDS.

Please take note of the following:

- CDS will only collect this fingerprint data for the purpose of having an employee clock in/out at the time clock.
- The fingerprint scan will be collected at the time clock.
- The fingerprint information will not be used for any other purpose.
- The fingerprint information is not stored as a raw image by the Dayforce time clock. The information is stored in an encrypted manner using an established algorithm.
- The fingerprint data is retained as long as the employee is actively employed and using the time clocks for the purposes of punching in and out.
- The data is permanently deleted as soon as the employee is terminated from employment.

Your signature below acknowledges that you have read this communication, are fully aware of how CDS will use confidential biometric data, and that you are providing your consent for CDS to collect said data.

Employees Signature _Steven Newbern_

Employee's Printed name _Steven Newbern_

Date: _7/24/17_

EXHIBIT
1

## CDS

## BIOMETRIC INFORMATION PRIVACY EMPLOYEE CONSENT FORM

Company Name Customized Distribution Services, Inc. (the "Company")
The employee named below has been advised and understands instruction by certain as vendors and/or a licensor of the Company's time and attendance software collect, store, and use biometric data for the purpose of identifying employees and recording time entries when time is. Biometric time clocks or and/or attachments. Biometric time clocks are computer-based systems that scan an employee's finger for purposes of identification. The computer system extracts unique data points that create a unique mathematical representation used to verify the employee's identity for example when the employee arrives at or departs from the workplace.

The Illinois Biometric Information Privacy Act, 740 ILCS 14.1 et seq. ("BIPA") regulates the collection, storage, use, and retention of "biometric identifiers" and "biometric information." "Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. "Biometric information" means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual.

The employee understands that he or she is free to decline to provide biometric identifiers and biometric information to the Company, its vendors, and/or the licensor of the Company's time and attendance software without any adverse employment action. The employee may revoke this consent at any time by notifying the Company in writing.

The undersigned employee acknowledges that he/she has received the attached *Biometric Information Privacy Policy*, and that he/she voluntarily consents to the Company's, its vendors', and/or the licensor of the Company's time and attendance software's collection, storage, and use of biometric data through a biometric time clock, including to the extent that it utilizes the employee's biometric identifiers or biometric information as defined in BIPA, and voluntarily consents to the Company providing such biometric data to its vendors, and/or the licensor of the Company's time and attendance software.

Steven Newbern                                    4-20-22

Employee Signature                                Date

Steven Newbern

Employee Name (print)

ADP and the ADP logo are registered trademarks of ADP, LLC. ADP A more human resource. is a service mark of ADP, LLC. Copyright © 2017 ADP, LLC.    adp.com

**EXHIBIT 2**

CONFIDENTIAL    CDS LOGISTICS_NEWBERN 000023