IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN NEWBERN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-3871-RJD |
| v. | ) ) | |
| CUSTOMIZED DISTRIBUTION SERVICES, INC. | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion to Dismiss (Docs. 28 and 29). Plaintiff filed a Response (Doc. 34) and Defendant filed a Reply (Doc. 36). As explained further, Defendant's Motion is DENIED. Also pending is Defendant's Motion to Stay, which is GRANTED.

**Background**

In his Complaint, Plaintiff alleges that he worked for Defendant (a "national provider of third-party logistics and warehousing services") from 2017-2019. Doc. 22, ¶¶15, 16. Defendant used hand or finger scans from Plaintiff and other employees and transmitted those scans to a third party ("ADP") for "timekeeping, payroll, and data storage." *Id.*, ¶19. Plaintiff alleges that Defendant violated the Illinois' Biometrics Information Privacy Act, 740 ILCS 14/1, et seq. by 1) failing to provide Plaintiff with notice that his fingerprints were being collected and stored, as required by 740 ILCS 14/15(b); (2) disseminating Plaintiff's biometric identifiers to third parties

without consent, as required by 740 ILCS 14/15(d); and (3) failing to make publicly available its written biometric and destruction policy, as required by 740 ILCS 14/15(a).  *Id*., ¶35.  Plaintiff alleges that Defendant similarly violated BIPA regarding the putative class members.  *Id*.

**Motion to Dismiss**

Defendant primarily relies on an affidavit by its vice president of Human Resources.  Doc. 29-1.  According to the affidavit, Plaintiff received and signed a "Notice of Biometric Data Collection" in July 2017.  *Id*., ¶11.  He was terminated in 2019.  *Id*., ¶6.  After being rehired in 2022, Plaintiff signed a "Biometric Information Privacy Employee Form."  *Id*., ¶13.  Defendant contends that because Plaintiff signed these documents, his Amended Complaint fails to state a claim upon which relief can be granted and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim "in which, even taking the facts as plaintiff portrays them, the law does not confer a right to relief." *Luna Vanegas v. Signet Builders, Inc*., 46 F. 4th 636, 640 (7th Cir. 2022).  The claim will not be dismissed if, considering the factual allegations, it is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In granting a motion to dismiss pursuant to 12(b)(6), the Court cannot rely on "matters outside the pleadings."  Fed. R. Civ. P. 12(d).  However, the Court has discretion to convert the motion to dismiss to a motion for summary judgment and give the parties "a reasonable opportunity to present all the material that is pertinent to the motion."  *Id*.

Defendant argues that the "Notice of Biometric Data Collection" and "Biometric Information Privacy Employee Form" signed by Plaintiff conclusively prohibit him from pursuing this action.  While this argument may ultimately prove to be successful, it is not an argument for

a Rule 12(b)(6) motion. The undersigned could only consider the notice and form if they were "referred to in the plaintiff's complaint and central to [his] claims." *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 430 (7th Cir. 1993). The notice and form signed by Plaintiff are not referred to in Plaintiff's Complaint, and while these documents may be central to CDS's affirmative defense[s], they are not central to Plaintiff's claims.

Accordingly, the notice and form cannot be considered unless Defendant's Motion to Dismiss is converted to a summary judgment motion. Without further evidence, it does not appear to the undersigned that the notice signed by Plaintiff in 2017 effectively bars Plaintiff's claims. For example, the notice did not inform Plaintiff that his biometric data would be disseminated to a third party, which is relevant to Plaintiff's claim that Defendant violated 740 ILCS 14/15(d) by disclosing his biometric data to ADP. Doc. 22, ¶¶5, 19. Considering this obvious shortcoming in Defendant's argument, the undersigned is not inclined to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. Defendant's Motion to Dismiss is therefore DENIED. The undersigned presumes that if Defendant has sufficient evidence to support a Motion for Summary Judgment pursuant to Rule 56, Defendant will file one.

At this point, however, the more pressing issue is whether this Court has subject matter jurisdiction over Plaintiff's claim that Defendant "failed to make publicly available any written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a)." Doc. 22, ¶35(e). The Seventh Circuit has previously explained that Defendant's duty to make its written retention policy publicly available is a duty "owed to the public generally, not to particular persons whose biometric information [Defendant] collects." *Bryant v. Compass Group USA, Inc.*,

958 F.3d 617, 626 (7th Cir. 2020).   Unless Plaintiff alleges a particularized harm that he suffered because the policy was not publicly available, he "lacks standing under Article III to pursue that claim in federal court."  *Id*.   For this Court to have subject matter jurisdiction to hear Plaintiff's 14/15(a) claim, he must have standing.  *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1056 (7th Cir. 2018).   Neither party has raised this issue, but if one of Plaintiff's claims lack subject matter jurisdiction, it cannot proceed in this Court.   See *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[j]urisdiction is the 'power to declare law' and without it the federal courts cannot proceed"); *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 889 (7th Cir. 2002) ("not only may the federal courts police subject matter jurisdiction *sua sponte*, they must").

Plaintiff originally filed suit in Madison County, Illinois.   Defendant removed, and it is therefore Defendant's burden to establish that this Court has subject matter jurisdiction over Plaintiff's 14/15(a) claim.  *Travelers Property Cas. v. Good*, 689 F.3d 714, 721 (7th Cir. 2012). Accordingly, on or before July 12, 2024, Defendant is ordered to file a briefing to explain its position on this Court's subject matter jurisdiction over Plaintiff's claim that Defendant violated 740 ILCS 14/15(a).   Plaintiff may respond within 21 days after Defendant's brief is filed.

**Motion to Stay**

Defendant recently filed a Motion to Stay (Doc. 31), contending that its Motion to Dismiss must be resolved before the parties engage in discovery.   Plaintiff objects (Doc. 32).   While the Motion to Dismiss is now resolved, the parties should not engage discovery until resolution of the issue of whether subject matter jurisdiction exists in this Court for Plaintiff's 740 ILCS 14/15(a) claim.   Accordingly, all case deadlines are STAYED.

**IT IS SO ORDERED.**

**DATED:   June 20, 2024.**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**