IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN NEWBERN, individually )
and on behalf of all others similarly )
situated, )
  )
          Plaintiff, )          Case No. 23-cv-3871-RJD
  )
    v. )
  )
CUSTOMIZED DISTRIBUTION )
SERVICES, INC. )
  )
          Defendant. )

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the issue of whether Article III standing exists for

one of Plaintiff's three claims that Defendant violated the Illinois Biometrics Information Privacy

Act ("BIPA"), 740 ILCS 14/1.   The parties complied with the Court's Order to brief the issue.

Docs. 38, 43, 44.    Having reviewed the briefs and Plaintiff's First Amended Complaint (Doc.

22), the Court finds that Plaintiff's claim that Defendant violated 740 ILCS 14/15(a) lacks Article

III standing and is REMANDED to the Circuit Court of Madison County, Illinois.

**Background**

In his First Amended Complaint, Plaintiff alleges that he worked for Defendant (a "national

provider of third-party logistics and warehousing services") from 2017-2019.   Doc. 22, ¶¶15, 16.

Defendant used hand or finger scans from Plaintiff and other employees and transmitted those

scans to a third party for "timekeeping, payroll, and data storage."   *Id*., ¶19.   Plaintiff alleges that

Defendant violated BIPA by 1) failing to provide Plaintiff with notice that his fingerprints were

being collected and stored, as required by 740 ILCS 14/15(b); (2) disseminating Plaintiff's biometric identifiers to third parties without consent, as required by 740 ILCS 14/15(d); and (3) failing to make publicly available its written biometric and destruction policy, as required by 740 ILCS 14/15(a) ("Section 15(a)").   *Id.*, ¶35.   Plaintiff alleges that Defendant similarly violated BIPA regarding the putative class members.   *Id.*

Defendant previously filed a Motion to Dismiss, primarily relying on an affidavit by its vice president of Human Resources.   Doc. 29-1.   According to the affidavit, Plaintiff received and signed a "Notice of Biometric Data Collection" in July 2017.   *Id.*, ¶11.   He was terminated in 2019.   *Id.*, ¶6.   After being rehired in 2022, Plaintiff signed a "Biometric Information Privacy Employee Form."   *Id.*, ¶13.   Defendant argued that because Plaintiff signed these documents, his Amended Complaint fails to state a claim upon which relief can be granted and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).   Because the affidavit and form signed by Plaintiff were not referred to in Plaintiff's Amended Complaint, the undersigned denied Defendant's Motion, finding that Rule 12(b)(6) was not the appropriate vehicle for Defendant's arguments and declining to convert Defendant's Motion to one for summary judgment.

Neither party addressed whether Article III standing exists for Plaintiff's Section 15(a) claim: that Defendant "failed to make publicly available any written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a)."   Doc. 22, ¶35(e).   The Seventh Circuit has previously explained that Defendant's duty in Section 15(a) to make its written retention policy publicly available is a duty "owed to the public generally, not to particular persons whose biometric information [Defendant] collects."   *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).   Where a claimant does not allege a "particularized harm" that

resulted to him/her as a result of the Section 15(a) violation, Article III standing does not exist and the Section 15(a) claim must be remanded to state court.  *Id*.

Plaintiff originally filed suit in Madison County, Illinois.  Defendant removed, and it was therefore Defendant's burden to establish that Plaintiff has Article III standing to pursue his Section 15(a) claim in this Court.  *Travelers Property Cas. v. Good*, 689 F.3d 714, 721 (7th Cir. 2012).  The Court stayed the scheduling order deadlines pending resolution of this issue.  Doc. 38.

## Discussion

Section 15(a) of BIPA imposes upon private entities (like Defendant) who are "in possession of biometric identifiers" a duty to "develop a written policy….establishing a retention schedule and guidelines for permanently destroying biometric identifiers."  740 ILCS 14/15(a). Also under Section 15(a), private entities must comply with their "established retention schedule[s] and destruction" policies and make those policies publicly available.  *Id*.  Article III standing does not exist in a Section 15(a) claim that merely alleges the entity failed to make its retention/destruction policy publicly available unless the plaintiff alleges that he suffered a "particularized harm… because the policy was not publicly available."  *Bryant*, 958 F.3d at 626. In contrast, Sections 15(b) and 15(d) involve duties to provide "certain disclosures" and obtain informed consent to "persons whose biometric information the entity collects."  *Id*.  A plaintiff who has been deprived of the disclosures and opportunity to give informed consent has suffered a particularized, concrete injury that gives rise to Article III standing.  *Id*.

In its brief, Defendant points the Court to the Seventh Circuit's decision in *Fox v. Dakkota Integrated Systems*, LLC, 980 F.3d 1146 (7th Cir. 2020).  The *Fox* decision was issued after the *Bryant* opinion, and the Seventh Circuit clarified the "important distinction" between the two

Page **3** of **6**

cases:

> Following a petition for rehearing in Bryant, we amended the opinion to clarify the limits of the section 15(a) holding. Bryant's claim was extremely narrow, alleging *only* a violation of the section 15(a) duty to *publicly disclose* data retention and destruction protocols. We emphasized that "our analysis is thus limited to the theory she invoked" and did *not* address other provisions in section 15(a).... Fox's section 15(a) claim is much broader than Bryant's. She does not allege a mere failure to publicly disclose a data-retention policy. She accuses Dakkota of violating the full range of its section 15(a) duties by failing to develop, publicly disclose, and comply with a data-retention schedule and guidelines for the permanent destruction of biometric data...

Id. at 1154 (emphasis in the original). Here, Plaintiff's Section 15(a) claims mirrors the Section 15(a) claim in *Bryant*: that Defendant failed to publicly disclose its data retention policy, and nothing more. Doc. 22, ¶35.

Defendant urges the Court to retain Plaintiff's Section 15(a) claim because Plaintiff's Complaint only contains one count that lists all of Defendant's alleged BIPA violations under Section 15(a), 15(b), and 15(d). *Id*. Defendant contends that "unlike in *Bryant*, Plaintiff has made allegations beyond that CDS merely failed to make and disclose a data retention and destruction policy...like in *Fox*, Plaintiff specifically alleges that CDS failed to comply with BIPA." Doc. 43, p. 4. For multiple reasons, this argument is not well-taken. First, Plaintiff does *not* allege that Defendant failed to make a retention and destruction policy. If he had, that is the type of Section 15(a) violation that would lend itself to Article III standing, as it is the type of violation that could result in a specific harm to the plaintiff (i.e., because a defendant had no destruction policy, the plaintiff's biometric data was unlawfully retained). *Fox*, 980 F.3d at 1155.

Defendant's brief fails to acknowledge that Plaintiff alleges only one discrete violation of Section 15(a): Defendant's failure to publicly disclose its data retention/destruction policy.

Instead, Defendant refers the Court to Plaintiff's allegations that he was allegedly injured by Defendant's violations of Sections 15(b) and (d). These references are not helpful. The Court acknowledges that Plaintiff has Article III standing for her claims that Defendant violated Sections 15(b) and (d). Nonetheless, as the Seventh Circuit has made clear, allegations regarding Sections 15(b) and 15(d) do not confer Article III standing to an allegation that Defendant failed to make its data retention/destruction policy publicly available. *Bryan*t, 958 F.3d at 626 ("the duty to disclose under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects. This provision is not part of the informed-consent regime, and [Plaintiff] alleges no particularized harm that resulted from Defendant's [failure to disclose under] section 15(a)").

Plaintiff's Amended Complaint contains no allegation that Plaintiff suffered a specific harm as a result of Defendant's failure to make publicly available its retention/destruction policy. Defendant has failed to convince the Court that Article III standing nonetheless exists for Plaintiff's Section 15(a) claim. Accordingly, Plaintiff's claim that Defendant violated 740 ILCS 14/15(a) is REMANDED to the Circuit Court of Madison County, Illinois. Plaintiff's remaining allegations that Defendant violated Sections 15(b) and (d) of BIPA remain in this Court.

The previously imposed stay is lifted. On or before December 23, 2024, Plaintiff is DIRECTED to file a Second Amended Complaint that contains only his Section 15(b) and (d) allegations. The Court will hold a status conference via telephone on January 7, 2025 at 10:30 a.m. On or before January 3, 2025, the parties shall submit a proposed amended scheduling order to RJDpd@ilsd.uscourts.gov.

**IT IS SO ORDERED.**

**DATED:   December 10, 2024**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**