IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN NEWBERN, individually and on behalf of similarly situated individuals,<br><br>    *Plaintiff*,<br><br>v.<br><br>CUSTOMIZED DISTRIBUTION SERVICES, INC., a Pennsylvania corporation,<br><br>    *Defendant*. | Case No. 3:23-cv-03871-RJD<br><br>Hon. Magistrate Reona J. Daly |

## **PRELIMINARY APPROVAL ORDER**

This matter comes before the Court for consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. Doc. 78. The Court reviewed the Motion and Memorandum in support of the Motion, the Parties' Class Action Settlement Agreement (Docs. 78-1 and 79), and the exhibits and attachments to the Motion and the Settlement Agreement (Doc. 78-1, pp. 39-57).

IT IS HEREBY ORDERED:

1. Unless stated otherwise, all capitalized terms used in this Order shall be defined and interpreted in accordance with the definitions in the Parties' Settlement Agreement.

2. The Parties have applied to the Court for preliminary approval of the proposed Settlement, the terms of which are set forth in the Settlement Agreement, and have provided the Court with sufficient information to enable it to determine whether to certify the Settlement Class and order that notice be given to the individuals on the Settlement Class List.

3. Subject to further consideration by the Court at the time of final approval, the Court preliminarily approves the Parties' Settlement as falling within the range of possible final approval and as meriting notice to the individuals on the Settlement Class List for their consideration. The Court finds that the proposed Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate, the Settlement Agreement was negotiated at arm's length by experienced counsel acting in good faith, including through a mediation with a highly experienced mediator, and the Settlement Agreement was reached as a result of those negotiations; there has been adequate opportunity for experienced counsel to evaluate the claims and risks at this stage of the litigation; and the Court will likely be able to approve the Settlement pursuant to Fed. R. Civ. P. 23(e)(2).

4. For settlement purposes only, the Court finds that the prerequisites to class action treatment under Rule 23 of the Federal Rules of Civil Procedure – including numerosity, commonality, typicality, adequacy, superiority, and predominance – have been preliminarily satisfied.

5. The Court hereby conditionally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and for the purposes of settlement only, a Settlement Class consisting of the individuals on the Settlement Class List attached to the Settlement Agreement who do not timely and validly elect to exclude themselves from the Settlement Class. The Settlement Class List includes:

> All individuals who worked for Defendant Customized Distribution Services, Inc. ("CDS") in Illinois and used a timekeeping system that captured a portion of their fingertip during the class period of January 31, 2019, to the date of the entry of the Preliminary Approval Order.
>
> Excluded from the Settlement Class List are (a) all individuals who executed a CDS "Biometric Information Privacy Employee Consent Form" prior to using Defendant's timekeeping system; (b) the Court and staff to

whom this case is assigned and any member of the Court's or staff's immediate family; and (c) any individual who has previously signed a general release of claims against Defendant or who has already released their claims previously asserted in any Related Actions that have been dismissed prior to this Agreement's Effective Date.

6. For settlement purposes only, the Court preliminarily finds that the Parties' Settlement Agreement and the proposed Settlement Class satisfy all of the prerequisites to maintenance of a class action listed in Fed.R.Civ.P. 23(a) and (b)(3), namely:

   a. the members of the Settlement Class are so numerous that joinder is impracticable;

   b. there are issues of law and fact common to the Settlement Class Members' claims;

   c. Plaintiff's claims are typical of the claims of the Settlement Class Members;

   d. Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class Members; and

   e. Common issues, including whether Defendant violated Illinois' Biometric Information Privacy Act ("BIPA"), predominate over any questions affecting only individual members of the Settlement Class, and settlement of this action on a class basis is superior to other means of resolving the Litigation.

7. For settlement purposes only, Plaintiff Steven Newbern is appointed as Class Representative and the following counsel are appointed as Class Counsel pursuant to Fed.R.Civ.P. 23(g):

> Evan M. Meyers
> Andrew T. Heldut
> MCGUIRE LAW, P.C.
> 55. W. Wacker Dr., 9th Fl.
> Chicago, IL 60601

8. The Court finds that Plaintiff and Class Counsel have and will fairly and adequately protect the interests of the Settlement Class because: the interests of the Plaintiff are consistent

3

with those of Settlement Class Members; there appear to be no conflicts between or among Plaintiff and the Settlement Class Members; Plaintiff has been and appears to be capable of continuing to be an active participant in both the prosecution and the settlement of this litigation; and Plaintiff and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in prosecuting consumer privacy class action cases, including those concerning violations of BIPA.

9. The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of class certification in the Litigation in all other contexts and for all other purposes should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and the Litigation resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

10. The Court approves, in form and content, the plan for notifying the individuals on the Settlement Class List as set forth in the Settlement Agreement and its attendant Exhibits and finds that the Notice provides the best notice practicable under the circumstances of this Settlement. The Court further finds that the Parties' proposed Notice satisfies Due Process, such that the Settlement Agreement will be binding on all Settlement Class Members upon final approval. The Court finds that the proposed Notice is clearly designed to advise the individuals on the Settlement Class List of their rights and meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

11. No notice other than that specifically identified in the Settlement Agreement and its attendant Exhibits is necessary in this action. The Parties, by agreement, may revise the Notices

and Claim Form in ways that are not material, or in ways that are appropriate to update the documents for purposes of accuracy, readability, or formatting.

12. Simpluris, Inc. is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement. The Settlement Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement. The Settlement Administrator shall begin disseminating Notice no later than thirty (30) days from entry of this Order, provided, however, that the Parties may agree to issue Notice at a later date if needed for scheduling and logistical considerations.

13. The Court approves the establishment of the Settlement Fund, in the amount of $900 multiplied by the final number of Settlement Class Members, which shall be funded and administered as a Qualified Settlement Fund in accordance with Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1 and the terms of the Settlement Agreement.

14. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including with respect to Released Claims as set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Individuals on the Settlement Class List who do not timely and validly request exclusion shall be Settlement Class Members and shall be so bound even if they have previously initiated other litigation or proceedings against Defendant or the Released Parties relating to the claims released under the terms of the Settlement Agreement.

15. In order to exercise the right to be excluded, a person within the Settlement Class List must timely send a valid written request for exclusion to the Settlement Administrator,

providing their name and address, email address, telephone number, signature, the name and number of this case, and a statement that they wish to be excluded from the Settlement Class. Any request for exclusion must include a handwritten signature with a proper request for exclusion and be sent to the Settlement Administrator via first class U.S. mail, or via email attachment, to the address specified in the Notice and postmarked no later than the Exclusion & Objection Deadline of forty-two (42) days from the Notice Date.

16. No person within the Settlement Class List, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class List, may request exclusion from the Settlement Class of any other person within the Settlement Class List.

17. Any person in the Settlement Class List who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

18. Class Counsel may file a motion seeking an award of attorneys' fees of no more than thirty-six percent (36%) of the Settlement Fund, plus reasonable costs and litigations expenses, as well as a Service Award for the Class Representative, in accordance with the terms of the Settlement Agreement in an amount not to exceed $6,000.00 (six thousand dollars and zero cents), no later than twenty-one (21) days prior to Exclusion & Objection Deadline.

19. Any individual on the Settlement Class List who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Service Award to the Class Representative, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation

set forth below in Paragraphs 20-22 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's Counsel, and the Settlement Administrator no later than forty-two (42) days from the Notice Date. Addresses for Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

| **Class Counsel:** | **Defendant's Counsel:** |
|---|---|
| Andrew Heldut<br>MCGUIRE LAW, P.C.<br>55. W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601<br>aheldut@mcgpc.com | Lillian T. Manning<br>LITTLER MENDELSON, P.C.<br>600 Washington Avenue<br>Suite 900<br>St. Louis, MO 63101<br>314.659.2000<br>lmanning@littler.com |
| **Settlement Administrator:** | **Clerk of Court:** |
| Simpluris, Inc.<br>[See Settlement Website] | Monica A. Stump, Clerk of Court<br>U.S. Courthouse, Benton Office<br>301 West Main Street<br>Benton, IL 62812 |

20.  In addition, any objection made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

21.  Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objection(s), and must also state in writing: (i) their full name, address, telephone number, and email address; (ii) the case name and number of this Litigation; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections they have filed, or have had filed on their behalf, in any other class action cases in the last four years; and (v) the objector's signature. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any

Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of a Service Award, and to the Final Approval Order and the right to appeal same.

22. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's Fee Award and/or the request for a Service Award to the Class Representative are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates their intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in their written objection the identity of any witnesses they may call to testify, and all exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached.

23. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make their objection to the Settlement in the manner provided herein, or who does not also timely provide copies to Counsel for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by

appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

24. All papers in support of the Final Approval of the Settlement shall be filed no later than ten (10) days before the Final Approval Hearing.

25. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

26. A hearing (the "Final Approval Hearing") shall be held before the Court on **March 16, 2026 at 1:00** p.m. (or at such other time or location, including via remote means, as the Court may without further notice direct and which shall be identified on the Settlement Website) for the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Rule 23 of the Federal Rules of Civil Procedure have been met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing Released Claims as set forth in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

(e) to consider the application for a Service Award to the Class Representative;

(f) to consider the distribution of the Gross Settlement Fund pursuant to the Settlement

Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

27. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class other than through a posting on the Settlement Website. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

28. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

29. All discovery and other proceedings in the Litigation as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

30. The above deadlines that are included in the Settlement Agreement are as follows:

Notice to issue by:   **December 15, 2025**   (30 days from this Order)

Fee Award Motion:   (21 days prior to Exclusion & Objection Deadline)

Exclusion &
Objection Deadline:   (42 days from the Notice Date)

Final Approval
Submissions:   **March 6, 2026** (10 days prior to Final Approval Hearing)

Final Approval
Hearing:   **March 16, 2026** at 1:00 p.m. (120 days from this Order)

**IT IS SO ORDERED.**

**DATED: November 13, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

10

Case 3:23-cv-03871-RJD   Document 81   Filed 11/13/25   Page 11 of 11   Page ID
#494