**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN NEWBERN, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) | Case No. 3:23-cv-03871-RJD |
| | ) | |
| v. | ) | |
| | ) | |
| CUSTOMIZED DISTRIBUTION SERVICES, INC., a Pennsylvania corporation, | ) ) ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**ORDER**

This matter comes before the Court on two unopposed motions filed by Plaintiff: (1) Motion for Approval of Attorneys' Fees, Expenses, and Service Award; and (2) Motion for Final Approval of Class Action Settlement. Docs. 83 and 85. The parties consented to the undersigned Magistrate Judge conducting all proceedings in this matter, including entry of final judgment, pursuant to 28 U.S.C. §636(c). *See Williams v. Gen. Elec. Capital Auto Lease, Inc*., 159 F.3d 266, 269 (7th Cir. 1998). The Court has reviewed and considered both motions and all supporting memoranda and exhibits to the motions (Docs. 83, 83-1, 85, 85-1, 85-2, 85-3), 26-1, 26-2, 26-3, 27-1, 27-2, 27-3, 27-4).

1.    Unless stated otherwise, all capitalized terms used in this Order that are not otherwise defined herein shall have the same meaning assigned to them as in the Parties' Settlement Agreement. (Doc. 78-1.)

2.    The Parties have provided the Court with sufficient information to determine whether to certify the Settlement Class and finally approve the Settlement Agreement.

1

3. The Court finds that it has jurisdiction over the subject matter of the Litigation (Doc. 53) and has personal jurisdiction over all Parties to the Litigation, including all Settlement Class Members.

4. The Court preliminarily approved the Parties' Settlement Agreement in the Court's November 13, 2025 Preliminary Approval Order. Doc. 81. Pursuant to Federal Rule 23(c)(2), the Court's Preliminary Approval Order (Doc. 81), and the Parties' notice plan as detailed in the Settlement Agreement, the Settlement Class Members were notified of the terms of the proposed Settlement Agreement and of a final approval hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the Released Claims against the Released Parties.

5. The Court held a final approval hearing on March 16, 2026, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. Settlement Class Members were notified of their right to retain an attorney and appear at the hearing in support of or in opposition to the proposed Settlement Agreement.

6. Pursuant to Federal Rule 23(a), (b)(3), and (e), and solely for purposes of settlement, the Court finally approves certification of the following Settlement Class:

> All individuals who worked for Defendant Customized Distribution Services, Inc. ("CDS") in Illinois and used a timekeeping system that captured a portion of their fingertip during the class period of January 19, 2019, to the date of entry of the Preliminary Approval Order.

> Excluded from the Settlement Class List are (a) all individuals who executed a CDS "Biometric Information Privacy Employee Consent Form" prior to using Defendant's timekeeping system; (b) the Court and staff to whom this case is assigned and any member of the Court's or staff's immediate family; and (c) any individual who has previously signed a general release of claims against Defendant or who has already released

their claims previously asserted in any Related Actions that have been dismissed prior to this Agreement's Effective Date.

7.      Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the final approval hearing, and pursuant to Federal Rule 23(e)(2), the Court now grants final approval of the Settlement Agreement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members, because: (1) Plaintiff and Class Counsel have adequately and capably represented the Settlement Class; (2) the Settlement Agreement was negotiated at arm's-length between the Parties and only reached following a mediation overseen by Hon. Diane Joan Larsen (Ret.); (3) the monetary relief provided for the Settlement Class constitutes adequate compensation, taking into account the risks that both Parties faced with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a class action, and the expense and duration of further litigation, as well as the other factors listed in Federal Rule 23(e); and (4) the Settlement Agreement treats Settlement Class Members equitably relative to each other. Therefore, the Settlement Agreement is finally approved.

8.      For settlement purposes only, the Court confirms the appointment of Plaintiff Steven Newbern as Class Representative of the Settlement Class and the following counsel as Class Counsel: Evan M. Meyers and Andrew T. Heldut of McGuire Law, P.C.

9.      With respect to the Settlement Class, the Court finds, for settlement purposes only, that the prerequisites to certification listed in Federal Rule of Civil Procedure 23 are satisfied, including numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement purposes, predominance of common issues of law and fact over

individualized issues, and superiority of settlement and certification of the Settlement Class compared to alternative means of resolving the claims and disputes at issue in this case.

10.    The Court finds that adequate notice was given to the Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. Doc. 85-2.  The Court has further determined that the Notice given to the Settlement Class Members fully and accurately informed Settlement Class Members of all material elements of the Settlement Agreement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution.  Doc. 85-2, p. 7.  The Court further finds that the Parties satisfied all notice requirements set forth in the Class Action Fairness Act 28 U.S.C. § 1715.  Doc. 85-3.

11.    The Court orders the Parties to the Settlement Agreement and the Court-approved Settlement Administrator, Simpluris, Inc., to continue to perform their obligations under the Settlement Agreement. The terms of the Settlement Agreement are deemed incorporated herein as if explicitly stated and shall have the full force of an order of this Court.

12.    The Court enters judgment and dismisses the Litigation with prejudice, with each Party to bear its own fees and costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendants. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties. The Court adjudges that Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

14.     The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-referenced release of the Released Claims will be binding on, and have preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, agents, and insurers, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  There have been no requests for exclusion from the Rule 23 Settlement Class.

15.     Plaintiff and all Settlement Class Members (who did not validly and timely request exclusion from the Settlement) are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or Plaintiff's Released Claims set forth in the Settlement Agreement against any of the Released Parties.

16.     The Court approves payment of attorneys' fees and litigation expenses to Class Counsel in the amount of $121,528.25.  This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their Fee and Expense Application and in response to any timely filed objections thereto, finds the award of attorneys' fees and litigation expenses appropriate and reasonable for the following reasons: (1) the Court finds that the Settlement Agreement provides substantial benefits to the Settlement Class; (2) the Court finds the payment fair and reasonable in light of the substantial

work performed by Class Counsel; (3) the Court concludes that the Settlement Agreement was negotiated at arm's-length without collusion; and (4) the Court notes that the Class Notice specifically and clearly advised the Settlement Class Members that Class Counsel would seek an award of up to 36% of the Settlement Fund (Doc. 85-2, p. 7).

17.     The Court approves payment of a Service Award in the amount of $6,000.00 for the Class Representative Steven Newbern, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class which include agreeing to publicly serve as the putative class representative, participating in written discovery, reviewing the Settlement Agreement, and otherwise helping achieve the compensation made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18.     Pursuant to the Settlement Agreement, the Settlement Administrator is directed to distribute all *cy pres* funds, including the value of any remaining uncashed checks, to the Settlement Class (if any), to the following *cy pres* recipient: Land of Lincoln Legal Aid.

19.     Neither this Final Approval Order and Judgment, the Settlement Agreement, nor the payment of any consideration in connection with the Settlement Agreement shall be construed or used as an admission or concession by or against Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding as to the merits of any claims in the Litigation or a determination of any wrongdoing by Defendants or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court as to the merits of the claims or defenses of the Parties or the Settlement Class Members.

20. No objections to the Settlement Agreement were filed or otherwise submitted. Any outstanding objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering judgment. Accordingly, the Clerk is directed to enter final judgment with prejudice.

22. The Parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its attendant documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Approval Order and Judgment and do not limit the rights of the Settlement Class Members.

**IT IS SO ORDERED.**

**DATED: March 16, 2026**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**

7